UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PREPAID VENTURES, LTD., PPV HOLDINGS,     :
LLC, and PPV MERCHANT SOLUTIONS, LLC     :
d/b/a CapX Payments,     :
     :
                    Plaintiffs,     :       **MEMORANDUM AND ORDER**
     :       **ADOPTING IN PART**
          -against-     :       **REPORT& RECOMMENDATION**
     :       **18-cv-2102(DLI)(SJB)**
PAUL COMPTON, PABLO GARCIA, PROFIT-     :
STAT, LLC, and CHRISTOPHER BENSON,     :
     :
                    Defendants.     :
----------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

On April 9, 2018, Prepaid Ventures, Ltd. ("Prepaid"), PPV Holdings, LLC ("PPV"), and

PPV Merchant Solutions, LLC, d/b/a CapX Payments ("CapX") (together, "Plaintiffs")

commenced this diversity action against Paul Compton ("Compton"), Pablo Garcia ("Garcia"),

Christopher Benson ("Benson") (together, "Individual Defendants"), and ProfitSTAT, LLC

("ProfitSTAT" and, collectively with the Individual Defendants, "Defendants"), alleging breach

of contract and tort claims stemming from a failed business venture.[1] *See,* Complaint ("Compl."),

Dkt. Entry No. 1.

The Complaint contains claims for breach of contract against Defendants ProfitSTAT,

Compton, and Garcia in connection with a Business Services Agreement ("BSA") entered into

with ProfitSTAT (First Count); breach of contract against Benson in connection with a Consulting

Agreement ("CA" and, together with the BSA, "Agreements") entered into with Benson (Second

---

[1] ABC Companies 1 through 10 and John and Jane Does I through V were named as defendants in the Complaint but since have been dismissed. *See,* Electronic Order dated June 15, 2022 (dismissing ABC Companies 1-10 and John and Jane Does I-V for failure to prosecute after Plaintiffs failed to comply with Court's Order to Show Cause why the claims against these defendants, who remained unidentified after four years of litigation, should not be dismissed).

Count); breach of fiduciary duty against the Individual Defendants (Third Count); fraudulent concealment by a fiduciary against the Individual Defendants (Fourth Count); constructive fraud in contract against all Defendants (Fifth Count); contract performance interfered with by an outsider against the Individual Defendants (Sixth Count); intentional interference with prospective economic advantage against the Individual Defendants (Seventh Count); promissory estoppel against Compton and Garcia (Eighth Count); unjust enrichment against the Individual Defendants (Ninth Count); unfair competition against the Individual Defendants (Tenth Count); preliminary injunction against all Defendants (Eleventh Count); permanent injunction against all Defendants (Twelfth Count); and contributory trademark infringement against Compton, Garcia, and ProfitSTAT (Thirteenth Count).  *Id.* ¶¶ 88-156.

Initially, Defendants appeared through counsel, responded to the Complaint, and engaged in discovery until discovery was stayed pending a ruling by this Court regarding whether it had subject matter jurisdiction over the action.  *See,* Answer, Dkt. Entry No. 15; Amended Answer, Dkt. Entry No. 20; Order to Show Cause as to Jurisdiction, Dkt. Entry No. 30; Mot. to Stay Discovery, Dkt. Entry No. 42; Electronic Order Staying Discovery dated June 10, 2019.  After the Court confirmed that subject matter existed over the action, Defendants' counsel withdrew from the action and no successor counsel appeared.  *See,* Electronic Order dated August 20, 2020 (confirming jurisdiction); Mot. to Withdraw, Dkt. Entry No. 47; Am. Mot. to Withdraw, Dkt. Entry No. 48; Order Granting Withdrawal, Dkt. Entry No. 52.

On February 17, 2022, Plaintiffs filed a premotion conference ("PMC") request in connection with their proposed summary judgment motion.  *See*, PMC Req., Dkt. Entry No. 65. At the same time, Defendants ceased responding to this Court's directives.  Specifically, despite repeated warnings that continued failure to respond may result in the entry of default judgment,

ProfitSTAT, a corporate entity that impermissibly had been proceeding *pro se* since its prior counsels' withdrawal, flouted this Court's final deadline to obtain new counsel. *See,* Electronic Orders dated August 21, 2020 and February 18, 2022. Similarly, Individual Defendants failed to respond to this Court's repeated directives to respond to Plaintiffs' PMC request. *See,* Electronic Orders dated April 7, 2022 and April 28, 2022. Thus, on April 7, 2022, this Court struck ProfitSTAT's Amended Answer and directed that a notation of default be entered against it. *See,* Electronic Orders dated April 7, 2022 and June 16, 2022; Clerk's Entry of Default against ProfitSTAT, Dkt. Entry No. 73. Similarly, on May 13, 2022, this Court struck the Individual Defendants' Answer and directed that a notation of default be entered against them. *See,* Electronic Orders dated May 13, 2022 and June 15, 2022; Clerk's Entry of Default against Individual Defendants, Dkt. Entry No. 72.

On June 29, 2022, Plaintiffs filed their first default judgment motion, which this Court struck as deficient for failure to provide a supporting memorandum of law, as required by Section IV(E) of this Court's Individual Rules. *See,* Pls.' First Mot., Dkt. Entry No. 77; Electronic Order dated July 6, 2022; *See also,* Local Civil Rule 7.1 (requiring that default judgment motions include, *inter alia,* "[a] memorandum of law, setting forth the cases and other authorities relied upon"). On July 19, 2022, Plaintiffs filed a second default judgment motion, which this Court again struck as deficient for failure to provide any of the exhibits referenced in the motion papers. *See,* Pls.' Second Mot., Dkt. Entry No. 79; Electronic Order dated July 21, 2022. Finally, on July 28, 2022, Plaintiffs filed their third default judgment motion, the instant motion, which was referred to the Honorable Roanne L. Mann (Ret.), then United States Magistrate Judge of this Court, for a Report

and Recommendation ("R&R").[2]  *See,* Pls.' Third Mot., Dkt. Entry No. 82; Electronic Order and Referral dated July 29, 2022.

On September 6, 2022, the magistrate judge issued an order directing Plaintiffs to submit supplemental materials to address substantial deficiencies in their default judgment motion papers, citing Plaintiffs' failures to identify "which causes of action [they] seek default judgment" on and provide "the basis for the amount of damages sought," including "prov[ing] their damages with evidentiary submissions" or even proffering either of the two Agreements underlying the breach of contract claims.  *See,* First Supp. Order, Dkt. Entry No. 85, at 1-2.  The magistrate judge explicitly directed Plaintiffs to "supplement their application with the underlying evidence upon which they rely" and provide "an affidavit explaining the factual and legal bases for the damages sought, along with relevant documents."  *Id.* (collecting cases).

On September 28, 2022, Plaintiffs filed a supplement to their motion.  *See,* Pls.' First Supp., Dkt. Entry No. 87.  However, upon review, the magistrate judge found that, despite her explicit guidance, Plaintiffs still had failed to cure the deficiencies the magistrate judge had identified.  As such, the magistrate judge issued a second order noting that Plaintiffs "ha[d] still not provided any legal analysis to support their claims of liability and damages" and explaining to Plaintiffs that "[D]efendants' default does not establish their liability unless the allegations in the Complaint are 'sufficient to state a cause of action against the defendant.'"  *See,* Second Supp. Order, Dkt. Entry No. 88, at 1-2 (quoting *Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).  The magistrate judge provided Plaintiffs with yet another opportunity to file further supplemental papers "specifically connecting the proposed damages figures to the legal

---

[2] Unless otherwise noted, all references to Plaintiffs' "default judgment motion" or "motion" made throughout the remainder of this Memorandum & Order refer to the third default judgment motion that Plaintiffs filed on July 28, 2022.

claims on which [they] contend that liability has been established, and setting forth the legal principles applicable to [their] claims and [their] request for damages (including whether the appropriate plaintiff and/or defendant are named in that claim)." *Id.* The magistrate judge also directed Plaintiffs to submit a "proposed form of default judgment" as required by Local Civil Rule 55.2, which Plaintiffs had failed to do. *Id.* On November 18, 2022, after having secured an extension of time to file the additional submissions requested by the magistrate judge, Plaintiffs filed a second supplement to their default judgment motion. *See,* Ext. Req., Dkt. Entry No. 90; Electronic Order dated November 3, 2022 (granting extension); Pls.' Second Supp., Dkt. Entry No. 92.

On December 21, 2022, the magistrate judge issued a meticulously detailed, thorough and astutely well reasoned R&R, finding, as an initial matter, that, despite having secured an extension of time to file additional submissions and notwithstanding the multitude of opportunities Plaintiffs were given to provide the basic, necessary components of a default judgment motion, Plaintiffs' Second Supplement to their default judgment motion "d[id] not cure the deficiencies identified by the Court" in Plaintiffs' motion. *See,* R&R, Dkt. Entry No. 94, at 9-10.[3] The magistrate judge found that Plaintiffs' "repeated failure" to "set forth the legal principles applicable to [their] claims and request for damages" impedes any assessment of whether Plaintiffs' allegations entitle them to relief and, as such, she "would have been amply warranted in recommending denial of [P]laintiffs' motion" on that basis alone. *Id.* at 12 (collecting cases).

However, "in the interest of bringing this long-pending action to a conclusion, and in the event [this Court would be] inclined to address the merits of [P]laintiffs' claims and demand for damages," the magistrate judge generously proceeded to analyze Plaintiffs' claims. *Id.* at 13**. In**

---

[3] The Court assumes the parties' familiarity with the facts and procedural posture of this case as detailed in the R&R.

doing so, the magistrate judge recommended that the Court: (1) grant, in part, and deny, in part, Plaintiffs' motion as to liability, recommending that the Court grant the motion as to liability only on behalf of CapX and only as to the claims for breach of contract against ProfitSTAT (First Count), breach of contract against Benson (Second Count), breach of fiduciary duty against the Individual Defendants (Third Count), and unfair competition against the Individual Defendants (Tenth Count), but that all other claims, which includes *all* claims brought by Plaintiffs Prepaid and PPV, be dismissed; (2) deny Plaintiffs' request for $125,562,207 in projected lost profits ("Lost Profit" damages) as unduly speculative; and (3) deny Plaintiffs' request for $529,462.08 and $65,315.75 in "amounts paid" to ProfitSTAT and Benson, respectively, "as fees and reimbursed expenditures in connection with their services under the Agreements" ("Amounts Paid" damages) without prejudice "to submit documentation supporting such payments [and] quantifying prejudgment interest on the same." *Id.* at 1-2, 42-51.

On January 23, 2023, after requesting and receiving an extension of time to object to the R&R, Plaintiffs filed "responses" to the R&R, which consisted of an affirmation from Plaintiffs' counsel, James McGlynn ("McGlynn Affirmation") and an affidavit from Plaintiffs' Chief Financial Officer, Michael Gaspar ("Gaspar Affidavit"), plus exhibits ("Supporting Documentation" and, together with the McGlynn Affirmation and Gaspar Affidavit, "R&R Responses"). *See,* Ext. Req., Dkt. Entry No. 96; Electronic Order dated January 5, 2023 (granting extension request); R&R Responses, ("R&R Resps."), Dkt. Entry No. 98 (containing McGlynn Affirmation at ECF pages 1-4, followed by Gaspar Affidavit at ECF pages 4-8). Defendants did not file objections to the R&R or oppose Plaintiffs' response to the R&R.

For the reasons set forth in the meticulously detailed, thorough and astutely well reasoned R&R, and upon due consideration thereof, the magistrate judge's recommendation to grant, in

part, and deny, in part, Plaintiffs' motion as to liability is adopted in its entirety as is the recommendation to deny Plaintiffs' request for Lost Profit damages as unduly speculative.  For the reasons discussed below, the magistrate judge's recommendation to deny Plaintiffs' request for damages in Amounts Paid without prejudice to submit additional documentation supporting such payments and quantifying prejudgment interest on the same is modified *only* to the extent that the request is denied *with prejudice*.[4]

## LEGAL STANDARD

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those portions of the R&R to which the party objects.  *See*, Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citation omitted).  Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party makes only conclusory or general objections, or simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *See also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted).  On the other hand, the Court of Appeals for the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . .

---

[4] The requests for preliminary and permanent injunction, the Eleventh and Twelfth Counts, respectively, were not raised in Plaintiffs' default judgment papers before the magistrate judge nor were they addressed in the R&R or the R&R Responses.  As Plaintiffs have not addressed these claims in connection with their default judgment motion, the claims are dismissed for failure to prosecute.

arguments [is] to reiterate them.'"  *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting

*Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)).

Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or

evidentiary material which could have been, but [were] not, presented to the magistrate judge in

the first instance."  *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27,

2016) (internal citation and quotation marks omitted); *See, Ferreira v. Carranza*, 2022 WL 34610,

at *2 (E.D.N.Y. Jan. 4, 2022) ("'In this circuit, it is established law that a district judge will not

consider new arguments raised in objections to a magistrate judge's report and recommendation

that could have been raised before the magistrate but were not.'") (quoting *United States v.*

*Gladden*, 394 F. Supp.3d 465, 480 (S.D.N.Y. 2019)).

Separately, when there is no objection "to a magistrate judge's recommendation, the

recommendation is reviewed, at most, for 'clear error.'"  *Barrera v. F & A Rest. Corp.*, 2021 WL

2138875, at *1 (E.D.N.Y. May 25, 2021) (citing Fed. R. Civ. P. 72(b), Advisory Committee's

Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation.")).

After its review, the district court then may "accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with

instructions."  Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiffs' R&R Responses consist of: (1) an unsubstantiated request that the Court

"reconsider" Plaintiffs' claim for $125,562,207 in Lost Profit damages, which had been before the

magistrate judge; (2) requests for damages in Amounts Paid in the same sums of $529,462.08 and

$65,315.75[5] that had been before the magistrate judge; (3) new damages requests, not raised before the magistrate judge, for $71,164.35 in employee hiring costs ("Employee Costs"), $195,779.38 in litigation costs ("Litigation Costs"), and additional sums in the form of prejudgment and post judgment interest ("Pre and Post Judgment Interest"); (4) a collection of documentation, seemingly provided in response to the R&R and aimed at substantiating the damages requested ("Supporting Documentation"); and (5) a request for an "opportunity to appear in person for an inquest as to th[e] damages or otherwise supplement the filings."  *See*, R&R Resps., McGlynn Aff., ¶¶ 3-6; *Id.* at 2 (Wherefore Clause); *Id.*, Gaspar Aff., ¶¶ 4-6, 13-16; Supporting Documentation ("Supp. Docs."), Dkt. Entry Nos. 98-1 to 98-13.

As an initial matter, neither the form nor the substance of the R&R Responses makes clear whether they are intended to serve as objections to the R&R and, if so, to which parts.  In form, neither the docket text nor the titles of the R&R Responses state that they are objections.  *See*, R&R Resps., McGlynn Aff. (labeled as an affirmation "in Response to [R&R] and in Further Support of Motion for Default Judgment and Damages"); *Id.*, Gaspar Aff. (labeled as an affidavit "in Support of Plaintiff's [sic] Motion for Default on Damages").  In substance, the R&R Responses do not challenge or refer to any specific portion of the R&R and are devoid of any arguments as to why any recommendations contained in the R&R should be rejected.  Instead, as mentioned, the R&R Responses consist, in substantial part, of "requests" for damages made without any regard as to whether the R&R addressed those requests or, more fundamentally, without any regard for whether an R&R even was issued.

---

[5] In the McGlynn Affirmation, Plaintiffs state this sum as "$65,3155.75."  R&R Resps., McGlynn Aff., ¶ 4.  However, in the Gaspar Affidavit, Plaintiffs, properly, state this sum as "$65,315.75."  *Id.,* Gaspar Aff., ¶ 5.  Thus, the Court assumes that Plaintiffs' reference in the McGlynn Affirmation to "$65,3155.75" was a typographical error.  However, this error serves as another example of Plaintiffs' careless approach to briefing this entire default judgment motion.

Thus, to the extent Plaintiffs intended the R&R Responses to serve as objections to the R&R, they are "prime example[s] of [] improper objection[s] to an R&R that fail[] to set forth [] specific and clear objection[s] aimed at [any] particular finding[s] in the magistrate judge's decision." *Riley v. Rivers*, 2017 WL 1093193, at *2 (E.D.N.Y. Mar. 23, 2017) (finding improper "general and conclusory" objections that "d[id] not allege that any finding in the R&R [was] either legally or factually incorrect" or provide a "basis why the Court should reject the R&R"); *See, Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (finding response to R&R improper in light of failure to "make any specific objections to the [R&R]").  Where a party "makes [such] conclusory or general objections,…the Court reviews the [R&R] only for clear error." *Velasquez v. Metro Fuel Oil Corp*., 12 F. Supp.3d 387, 397 (E.D.N.Y. 2014) (internal citations and quotation marks omitted); *See, E. Sav. Bank, v. Robinson*, 2016 WL 3102021, at *3 (E.D.N.Y. June 2, 2016) (explaining that "the Second Circuit has held that "bare statement[s], devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority," are insufficient to warrant *de novo* review) (citing *Mario v. P & C Food Mkts*., 313 F.3d 758, 769 (2d Cir. 2002)).  As such, Plaintiffs' failure to raise proper objections in the R&R Responses provides sufficient grounds for this Court to decline consideration of the R&R Responses in their entirety and review the R&R for clear error.

However, for the reasons discussed below, even if the Court were to construe the requests in Plaintiffs' R&R Responses as objections, they would be deemed improper for the additional reasons that they: (i) in part, raise issues that already were addressed by the magistrate judge; and (ii) in part, present new issues and evidence that could have been, but were not, raised before the magistrate judge and, therefore, are not raised properly before this Court.  *See, Riley*, 2017 WL 1093193, at *2 (holding that "a district judge will not consider new arguments raised in objections

to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."); *Pall*, 249 F.R.D. at 51 (holding that when a party "simply reiterates his original arguments," the court reviews a magistrate judge's report and recommendation for clear error instead of conducting a de novo review).  Accordingly, regardless of whether Plaintiffs intended the R&R Responses to serve as objections, the Court declines to consider them and reviews the R&R for clear error.  Moreover, as discussed below, given the deficiencies evident in Plaintiffs' R&R Responses, coupled with Plaintiffs' repeated failures to submit any adequate or proper filings in connection with this default judgment motion, this Court declines provide Plaintiffs any further opportunities to supplement the motion, whether in writing or by inquest.

## I.      Request for Reconsideration of Lost Profit Damages

As to Plaintiffs' request that this Court "reconsider" their request for $125,562,207 in Lost Profit damages, this Court finds that it amounts to nothing more than an attempt to relitigate an issue that was presented to, and decided by, the magistrate judge.  *See*, R&R Resps., Gaspar Aff., ¶ 16.  Indeed, in Plaintiffs' submissions to the magistrate judge, Plaintiffs requested $125,562,207 in Lost Profit damages, explaining that the sum was determined by their expert in a "damages analysis report" ("Expert Report").  *See,* Affirmation ISO Pls.' Third Mot., Dkt. Entry No. 82-2, ¶ 6; Pls.' First Supp., ¶ 7; Pls.' Second Supp., ¶ 7; Expert Report, Dkt. Entry No. 87-3, at 15-25; Schedule 1 to Expert Report, Dkt. Entry No. 87-4, at 1.  Thus, this request squarely was before the magistrate judge.

Upon review of Plaintiffs' submissions, including the Expert Report, the magistrate judge recommended that Plaintiffs' request for Lost Profit damages be denied as unduly speculative. *See,* R&R at 39-46, 51.  In requesting that this Court "reconsider" their request for Lost Profit damages, Plaintiffs fail to reference the R&R or even acknowledge the magistrate judge's finding

as to these damages. Moreover, Plaintiffs provide no basis as to why the R&R's finding should be reconsidered or, even more generally, as to why the Lost Profit damages should be awarded. "[W]hen a party raises arguments that were already addressed by the Magistrate Judge, the District Court need only review the Magistrate Judge's decision for clear error." *Chao v. Int'l Bhd. of Indus. Workers Health & Welfare Fund*, 97 F. Supp.3d 268, 275 (E.D.N.Y. 2015); *See, Pall*, 249 F.R.D. at 51. As the magistrate judge's finding was not clearly erroneous, the request for Lost Profit damages is denied with prejudice.

## II.    Repeated Request for Damages in Amounts Paid and Submission of New Evidence

Plaintiffs' requests for $529,462.08 and $65,315.75 in Amounts Paid also constitute an attempt to relitigate an issue that was presented to, and decided by, the magistrate judge. Indeed, before the magistrate judge, Plaintiffs requested that the damages be assessed "as outlined in the papers, including the [Expert Report]," which assessed that Plaintiffs incurred damages in Amounts Paid to Compton and Garcia through ProfitSTAT in the sum of $529,462.08 and to Benson in the sum of $65,315.75. *See,* First Supp. at 5 (Wherefore Clause); Expert Report at 27. The magistrate judge found that, because CapX adequately alleged breach of contract and breach of fiduciary duty claims, it would have been appropriate to award damages for those breaches in the amounts paid to Defendants for the duties and obligations they were expected to fulfill, "*provided the amounts ha[d] been substantiated*." R&R at 46 (emphasis added). However, "[u]nfortunately, despite a directive from the Court to submit documents relevant to their damages demand, [P]laintiffs failed to do so, relying instead on their expert's summary of the contents of those materials." *Id.* at 49-50 (citing First Supp. Order at 2) (emphasis added). The magistrate judge explained that, given Plaintiffs' failure to provide substantiating documentation, she "thus [would have been] entitled to recommend that [P]laintiffs be awarded no damages," but she

"instead recommend[ed] that CapX be afforded one final opportunity to substantiate its calculation of the [Amounts Paid] to [D]efendants[.]"  *Id*. at 50 (collecting cases).

In their R&R Responses, Plaintiffs make the same requests for $529,462.08 and $65,315.75 in Amounts Paid that already were before the magistrate judge.  *See*, R&R Resps., McGlynn Aff., ¶¶ 3-4.  However, "in support of these monies paid," Plaintiffs now submit, for the first time, a voluminous set of exhibits consisting of receipts, bank statements, and other supporting records that should have been, but inexplicably were not, provided to the magistrate judge.  *Id.* ¶ 6; *See generally,* Supp. Docs.  "As an initial matter, the Court is not required to consider materials that [Plaintiffs] failed to submit to the [m]agistrate [j]udge."  *O.M. v. CEC Entm't Concepts, L.P.*, 2016 WL 1275043, at *3 (E.D.N.Y. Mar. 31, 2016) ("The law underlying this conclusion is both well settled and well reasoned.  A magistrate judge's preparation of [an R&R] is not intended as a 'dress rehearsal' for arguments that the parties then may ply before the district court with the benefit of additional evidence.") (citing *Owusu v. New York State Ins*., 655 F. Supp.2d 308, 313 (S.D.N.Y. 2009)); *See, Riley,* 2017 WL 1093193, at *2.  Indeed, "courts generally do not consider new evidence raised in objections to a magistrate judge's [R&R] absent a compelling justification for failure to present such evidence to the magistrate judge."  *O.M.*, 2016 WL 1275043, at *3 (collecting cases); *See, Wilmington PT Corp. v. Bonilla*, 2021 WL 1210318, at *2 (E.D.N.Y. Mar. 31, 2023) ("The Court will not consider [the] evidence presented for the first time in response to the R&R.")

Here, "[Plaintiffs] do not offer any explanation, let alone a compelling explanation," as to why they failed to submit the Supporting Documentation to the magistrate judge, nor can the Court discern any legitimate justification whatsoever.  *O.M.*, 2016 WL 1275043, at *3.  Additionally, "[i]f the Court considered th[ese] request[s], absent a compelling justification and after the

magistrate judge devoted significant time, effort, and resources to reviewing the voluminous record in this case, it would unduly undermine the authority of the [m]agistrate [j]udge by allowing litigants the option of waiting until [an R&R] is issued to advance additional arguments." *Rosenberg v. Lashkar-e-Taiba*, 2017 WL 11647006, at *6 (E.D.N.Y. Mar. 13, 2017) (collecting cases) (internal citations and quotation marks omitted).  Moreover, that Plaintiffs provide the Supporting Documentation now for the first time is particularly puzzling, and inexcusable, given the multiple, explicit opportunities that the magistrate judge gave them to, *inter alia*, "prove their damages with evidentiary submissions," "supplement their application with the underlying evidence," and "support their claims of liability and damages." *See,* First Supp. Order at 1-2; Second Supp. Order at 1-2.  Unquestionably, Plaintiffs could have, and, particularly in this case, considering the magistrate judge's generous and clear directives, should have, provided the Supporting Documentation to the magistrate judge in connection with any of the additional opportunities they were given to supplement their motion, but they chose not to do so.

For these reasons, the Supporting Documentation is not properly before this Court and refusal to consider the untimely submission thereof is particularly warranted here.  Accordingly, the Court declines to consider the Supporting Documentation and reviews the R&R's recommendation to deny the request for Amounts Paid for clear error.  *See,* R&R at 46-50.  As the magistrate judge's finding was not clearly erroneous, the recommendation that this request be denied is adopted.  However, for the following reasons, the Court modifies the recommendation to the extent that this Court declines to provide Plaintiffs "one final opportunity" to substantiate the calculations of the Amounts Paid.  *Id.* at 50.  Accordingly, the request is denied with prejudice.

First, as discussed, Plaintiffs already have been afforded a significant number of opportunities, coupled with clear guidance from the Court, both from this Court and the magistrate

judge, not only to file a proper default judgment motion, but also to supplement that motion with sufficient proof of liability and damages. *See,* Electronic Order dated July 6, 2022 (striking first default judgment motion with leave to refile); Electronic Order dated July 21, 2022 (striking second default judgment motion with leave to refile); First Supp. Order at 1-2 (explaining that "Plaintiffs must prove their damages with evidentiary submissions" with citations to guiding case law and providing Plaintiffs an opportunity to, *inter alia*, "supplement their application with the underlying evidence upon which they rely"); Second Supp. Order at 1-2 (finding that "[P]laintiffs have still not provided any legal analysis to support their claims of liability and damages" and explaining that Plaintiffs must "file further submissions specifically connecting the proposed damages figures to the legal claims…and setting for the legal principles applicable to [their] claims"). Indeed, as discussed above, Plaintiffs were afforded three opportunities to file a proper default judgment motion before the motion was referred to the magistrate judge and then were afforded three more opportunities, as well as an extension of time, to supplement the referred motion before the R&R was issued. *See,* Electronic Order dated November 3, 2022 (granting extension of time to file second supplement to default judgment motion and explaining that "[t]his is [P]laintiffs' third attempt at a motion for default judgment [and they] *have already had ample time to demonstrate the amount of its damages with reasonable certainty and to set forth the legal principles applicable to plaintiffs' claims for damages*") (emphasis added). Each time, Plaintiffs' filings contained glaring inadequacies and careless errors. In sum, Plaintiffs generously have been provided several bites at the apple and there is absolutely no good cause or extraordinary circumstances to justify a finding that yet another bite is warranted.

Second, and more generally, Plaintiffs' counsel's repeated disregard for Court directives and general slipshod approach to litigating this case, particularly with respect to, but not limited

to, briefing this default judgment motion, has squandered a tremendous amount of this Court's very limited time and resources and this Court is not inclined to provide Plaintiffs with yet another opportunity to do the same.  *See, e.g.,* Electronic Order dated July 29, 2022 (noting that "[t]ime and again, Plaintiffs have been admonished" for "continued failures" to comply with Court rules and orders and warning that "[s]uch continued failures may result in the imposition of fines as it wastes Court time and resources and is a blatant violation of Plaintiffs' responsibilities, and the rules"); Electronic Order dated June 21, 2022 (documenting the fact that "Plaintiffs consistently have failed to comply with Court orders and Court rules").

Third, and perhaps most significantly, while the Court, for the reasons set forth above, declines to consider the Supporting Documentation, it has reviewed them and finds that, even if it were to consider them, Plaintiffs' submissions still would be insufficient to warrant a damages award of any sum.  As noted above, the Supporting Documentation consists of a voluminous set of receipts, bank statements, and other documentation purportedly evidencing the Amounts Paid damages that Plaintiffs seek.  *See*, R&R Resps., McGlynn Aff., ¶ 6 (explaining that the exhibits include "documentation in support of [the] monies paid" to Defendants).  Plaintiffs also appear to have included summary schedules from the Expert Report itemizing the Amounts Paid to Defendants.  *See,* Supp. Docs., Summary Schedules, Dkt. Entry Nos. 98-2, 98-12.  However, detrimentally, Plaintiffs fail to demonstrate how the Supporting Documentation substantiates the sums requested in the R&R Responses or itemized in the summary schedules.  *See, U.S. Bank Nat'l Ass'n as Trustee for RMAC Trust, Series 2016-CTT v. Kozikowski*, 2022 WL 4596753, at *9 (E.D.N.Y. Sept. 30, 2022) (declining to award damages where Plaintiff, *inter alia*, failed to demonstrate how the submitted documentation substantiated the sums listed in the itemization of damages).

16

"Plaintiff[s] cannot expect the Court to sift through [their] supporting documentation while engaging in guesswork to figure out how Plaintiff[s] reached the amounts [requested]." *Id.* at *8; *See, Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp.2d 278, 288 (E.D.N.Y. 2013) (explaining that it is not the Court's obligation to "'make a party's arguments for it or fill in the blanks on that party's behalf'") (quoting *Bey v. New York*, 2013 WL 3282277, at *6 (E.D.N.Y. June 25, 2013)).  This is particularly so given the unwieldly manner in which Plaintiffs submitted these materials.  Notably, Plaintiffs' R&R Responses remain insufficient even after having secured an extension of time to file them.  *See,* Ext. Req. to file R&R Resps., Dkt. Entry No. 96; Electronic Order dated January 5, 2023 (granting same).

Even if the Court were to undertake the burdensome task of scouring the voluminous materials submitted in an effort to piece together sufficient evidentiary support for the sums sought, which it is not this Court's job to do, it would not be able to substantiate the sums Plaintiffs request.  Indeed, an initial review of the Supporting Documentation reveals that, among other issues, the materials contain unexplained redactions and handwritten commentary scattered throughout, seemingly (and inappropriately) intended to guide the Court's attention to certain sums stated therein.  *See, e.g.,* Supp. Docs., October 2016 Expenses, Dkt. Entry No. 98-4, at ECF pages 6, 15-16, 35-38; *Id.*, March 2017 Expenses, Dkt. Entry No. 98-8, at ECF pages 52-55.  However, handwritten notations, redactions, and mark ups inexplicably provided in the margins of certain receipts and bank statements submitted to the Court do not suffice to guide the Court in assessing the damages sought nor is it an appropriate manner of attempting to do so.  Accordingly, Plaintiffs' requests for damages in Amounts Paid are denied with prejudice.

### III.     Remaining Requests for New Forms of Relief

As to the three requests for new forms of relief, *i.e.*, Plaintiffs' requests for Employee Costs, Litigation Costs, and Pre and Post Judgment Interest, the Court declines to consider them because it is well established that "Plaintiffs cannot request new relief…in their objections to the R&R." *Rosenberg*, 2017 WL 11647006, at \*5 (collecting cases); *See*, R&R Resps., McGlynn Aff., ¶¶ 3-5.  "As [such] requests are not actual objections to the magistrate judge's findings, the Court will not consider them."  *Rosenberg*, 2017 WL 11647006, at \*5.  Such requests also constitute arguments and assertions that could have been, but were not, raised before the magistrate judge and, therefore, are not raised properly before this Court.  *See, Riley*, 2017 WL 1093193, at \*2. Despite the multiple opportunities Plaintiffs had to supplement their papers before the magistrate judge, at no point did Plaintiffs request any sum of litigation costs, costs incurred in connection with CapX employees hired as a result of the Agreements, or specific sums accrued in the form of prejudgment and post judgment interest.

It bears highlighting that, even if the Court was inclined to indulge these new requests, it could not do so by virtue of Plaintiffs' bare bones submissions.  As with everything else, Plaintiffs' R&R Responses lack adequate legal or factual support as to why these damages are warranted, which is a particularly egregious omission given the magistrate judge's repeated directives that Plaintiffs need to explain the legal and factual bases for damages sought and provide supporting documentation.  *See,* Section II, above (collecting magistrate judge's directives); *See also, Wider Consol., Inc. v. Vision Prods. Co., Ltd*., 2018 WL 1320685, at \*1, 3 (E.D.N.Y. Feb. 22, 2018) (explaining that Plaintiffs seeking default judgment bear the burden of establishing entitlement thereto, including providing "support from legal authority demonstrating entitlement to the relief requested"), *report & recommendation adopted*, 2018 WL 1320664 (E.D.N.Y. Mar. 13, 2018).

As to Plaintiffs' request for Employee Costs, this Court was unable to find *any* factual documentation supporting the requested sum, let alone a legal explanation as to why such damages are warranted in the first place. *See*, R&R Resps., McGlynn Aff., ¶ 3 (stating, without more, that Plaintiffs' judgment award should include "CapX employees hired as a result of the ProfitSTAT-CapX agreement ($71,164.35)"). As to the Litigation Costs requested, the Supporting Documentation does appear to contain invoices from Plaintiffs' counsel's firm as well as invoices for fees and costs incurred in connection with taking depositions and obtaining the Expert Report. *See,* Supp. Docs., Litigation Expenses Exhibit, Dkt. Entry No. 98-13. However, in addition to failing to provide any legal support as to why these forms of damages might be warranted, which alone suffices as grounds for denial of Plaintiffs' requests, Plaintiffs also failed to show how the total of $195,779.38, as requested in the McGlynn Affirmation, is supported by these invoices. *See*, R&R Resps., McGlynn Aff., ¶ 3; *Kozikowski*, 2022 WL 4596753, at *8 (declining to award damages sought where, *inter alia*, plaintiff "failed to show how its transaction records support [the requested] amounts"). Similarly, as to Plaintiffs' request for Pre and Post Judgment Interest, Plaintiffs made mention of specific interest rates to apply, but then failed to explain why those rates are appropriate and, more fundamentally, failed to provide a breakdown of the interest they seek or how it was calculated. R&R Resps., McGlynn Aff., ¶¶ 3-5; *See,* R&R at 50 (collecting cases and explaining that the Court must be furnished with "adequate documentation from which to calculate prejudgment interest"); *See also, Kozikowski*, 2022 WL 4596753, at *8 ("[W]ithout an analysis of the interest that has accumulated on the [sums] sought or an explanation for how the requested interest…was computed, the Court cannot verify an award of interest.")

Accordingly, the Court declines to consider Plaintiffs' request for new forms of relief and reviews the R&R's recommendation that it would be premature to grant any award of prejudgment

interest for clear error.  In doing so, this Court finds no clear error.  However, for the same reasons that this Court declines to provide Plaintiffs "one final opportunity" to substantiate the calculations of the Amounts Paid, it also declines to provide Plaintiffs leave to "submit documentation…quantifying prejudgment interest." See, R&R at 2, 50-51.

## IV.     Request for Inquest or Further Opportunity to Supplement

Finally, Plaintiffs request in their R&R Responses that, if "further substantive information or testimony is required by this [C]ourt in order to render a decision in favor of the Plaintiffs, or further support of a sum certain or calculation for damages" is needed, "Plaintiffs be afforded the opportunity to appear in person for an inquest as to those damages or otherwise supplement these filings to the satisfaction of the court."  *See*, R&R Resps., McGlynn Aff., at 2-3 (Wherefore Clause).  However, Plaintiffs have filed multiple inadequate supplements to their motion, have not described how they would cure the deficiencies in their submissions, and are not "entitled to an advisory opinion from the Court informing [them] of the deficiencies of the complaint and then an opportunity to cure those deficiencies."  *In re Eaton Vance Mut. Funds Fee Litig.*, 403 F. Supp.2d 310, 318 (S.D.N.Y. 2005), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110 (2d Cir. 2007).  Moreover, granting Plaintiffs' request would turn the proceeding before the magistrate judge into an inappropriate trial run for Plaintiffs' deficient submissions.  *See, Everson v. N.Y. City Transit Auth.*, 2007 WL 539159, at *2 n. 1 (E.D.N.Y. Feb. 16, 2007) ("Proceedings before the magistrate judge are not a trial run, after which litigants should feel free to add 'to the record in bits and pieces depending upon the rulings or recommendation they receive.") (internal citations and quotation marks omitted).  Thus, the Court will not consider Plaintiffs' request for a hearing as to an assessment of these damages.

## CONCLUSION

For the reasons set forth above, upon reviewing the R&R for clear error and finding none, the R&R is modified *only* to the extent that Plaintiffs' damages requests, including the request for Amounts Paid, are denied *with prejudice*, and the R&R otherwise is adopted in full. Accordingly, it is hereby ORDERED that Plaintiffs' motion for default judgment is granted in part and denied in part and the Clerk of the Court is directed to enter default judgment in favor *only* of CapX and *only* to the extent that: (1) only ProfitSTAT is liable for breach of contract as to Count 1; (2) only Benson is liable for breach of contract as to Count 2; (3) all Individual Defendants are liable for breach of fiduciary duty as to Count 3; (4) all Individual Defendants are liable for unfair competition as to Count 10; and (5) no damages are awarded to CapX for the reasons discussed hereinabove. *See, Peterson v. Syracuse Police Dept.,* 467 Fed. App'x. 31, 34 (2d. Cir. 2012) (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d. Cir. 2011).

It is further ORDERED that all other claims are dismissed with prejudice.


SO ORDERED.

Dated: Brooklyn, New York
           March 28, 2023

_____
                 /s/
DORA L. IRIZARRY
United States District Judge
