UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PREPAID VENTURES, LTD., PPV HOLDINGS, :
LLC, and PPV MERCHANT SOLUTIONS, LLC :
d/b/a CapX Payments, :
 :
                         Plaintiffs, :      **SUMMARY ORDER**
 :      **18-cv-2102 (DLI) (SJB)**
             -against- :
 :
PAUL COMPTON, PABLO GARCIA, PROFIT- :
STAT, LLC, and CHRISTOPHER BENSON, :
 :
                         Defendants. :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Court Judge:**

On December 21, 2022, the Hon. Magistrate Judge Roanne L. Mann of this Court[1] issued a meticulously detailed, thorough, and astutely well reasoned report and recommendation ("R&R") recommending that this Court grant the default judgment motion of Plaintiffs Prepaid Ventures, Ltd., PPV Holdings, LLC, and PPV Merchant Solutions, LLC, doing business as CapX Payments (collectively, "Plaintiffs") as to liability and deny their request for lost profit damages as unduly speculative. *See*, R&R, Dkt. Entry No. 94; Default Judgment Motion, Dkt. Entry No. 82. The magistrate judge also recommended that Plaintiffs' request for amounts paid damages be denied without prejudice to submit additional documentation supporting such payments and quantifying prejudgment interest on said amounts. *Id.*

On January 5, 2023, Plaintiffs requested an extension of time to respond to the R&R, which was granted the same day. *See*, Pls.' Ext. Mot., Dkt. Entry No. 96. On January 23, 2023, Plaintiffs filed an "Affirmation in Response to Report and Recommendation and in Further Support of

---

[1] On January 9, 2023, the case was reassigned from Magistrate Judge Mann to the Hon. Magistrate Judge Sanket J. Bulsara of this Court.

Motion for Default Judgment and Damages" ("Affirmation").  *See*, Pls.' Aff., Dkt. Entry No. 98. However, Plaintiffs never filed any objections to the R&R nor did the Affirmation contain any such objections.

On March 28, 2023, this Court issued a Memorandum and Order ("M&O") adopting the R&R with only one modification, *i.e.*, that Plaintiffs' request for damages in amounts paid was denied with prejudice and without leave to submit additional documentation supporting such payments and quantifying prejudgment interest.  *See*, M&O, Dkt. Entry No. 100.  The Clerk of Court entered judgment on March 30, 2023 and corrected the judgment on March 31, 2023.  *See,* Judgment, Dkt. Entry No. 101; Corrected Judgment, Dkt. Entry No. 102.

On April 14, 2023, Plaintiffs filed the instant motion for reconsideration of the M&O claiming the Court overlooked their submissions.  *See*, Recons. Mot., Dkt. Entry No. 104.

For the reasons set forth below, Plaintiffs' motion for reconsideration is denied.

## **DISCUSSION**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted).  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,

2

729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Plaintiffs have failed to meet the required standard.  They have not pointed to any pertinent facts or legal authority that the Court overlooked, nor have they pointed to any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.*  Plaintiffs merely attempt to relitigate the same issues considered and addressed by the Court because they do not agree with the outcome.

Plaintiffs rely only on their Affirmation to argue that "the resubmission and reorganization of exhibits outlining the damages claims for expenses as directed by [Magistrate] Judge Mann was overlooked by the Court as another bite of the apple rather than a response to [Magistrate] Judge Mann's Recommendation that Plaintiffs be afforded the opportunity to resubmit the proof of expenses under the damages claim." Pls.' Mem. at 2, Dkt. Entry No. 104-1.

On the contrary, the Court did not overlook those exhibits, but rather considered them thoroughly as described in the M&O.  The Court explained that Plaintiffs' submissions, filed after previously having been given numerous opportunities to submit supplemental information before the issuance of the R&R and filed after the R&R was issued, provided "no basis as to why the R&R's finding should be reconsidered or, even more generally, as to why the Lost Profit damages should be awarded." *See*, M&O at 12.  Plaintiffs also improperly attempted to substantiate the calculation of amounts paid of $529,462.08 and $65,315.75 with voluminous exhibits presented for the first time only after the R&R was issued. *Id.* at 12-13.  As the Court explained, the R&R "is not intended as a 'dress rehearsal' for arguments that the parties may ply before the district court with the benefit of additional evidence." *O.M. v. CEC Entm't Concepts, L.P.*, 2016 WL 1275043, at *3 (E.D.N.Y. Mar. 31, 2016).  The Court had ruled that the submissions were not

3

properly before it then. *See*, M&O at 14. Plaintiffs have not provided any legal authority to suggest that the circumstances have changed.

Furthermore, the Court had reviewed the supporting documentation and found that, even if it were to consider them, Plaintiffs' submissions still would be insufficient to warrant a damages award of any sum. *See*, M&O at 16. The supporting documents were voluminous, disorganized, and unwieldy, and they failed to substantiate the damages sought. *Id.* at 16-17. Plaintiffs essentially had asked the Court to do their work of analyzing documents and making calculations, which the Court need not and will not do. *See, Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp.2d 278, 288 (E.D.N.Y. 2013) ("[I]t is not th[e] Court's obligation to 'make a party's arguments for it or fill in the blanks on that party's behalf.'") (quoting *Bey v. New York*, 2013 WL 3282277, at *6 (E.D.N.Y. June 25, 2013)).

Plaintiffs have presented no new facts or legal authority to warrant reconsideration of the M&O. The materials that Plaintiffs claim the Court overlooked were in fact considered. Therefore, those same materials will not "reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted).

## CONCLUSION

For the reasons set forth above, the Plaintiffs' motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
       March 22, 2024

                                              /s/
                                      DORA L. IRIZARRY
                                  United States District Judge